**Rory O. DAWKINS, Claimant–Appellant,**

**v.**

**James B. PEAKE, M.D., Secretary of Veterans Affairs, Respondent–Appellee.**

**No. 2008–7092.**

United States Court of Appeals, Federal Circuit.

July 18, 2008.

Leslie Cayer Ohta, Principal Attorney, Department of Justice, David J. Barrans, Christa A. Childers, of Counsel Attorney, Department of Veterans Affairs, Washington, DC, for Respondent–Appellee.

Rory O. Dawkins, Bossier City, LA, pro se.

Before BRYSON, Circuit Judge, CLEVENGER, Senior Circuit Judge, and PROST, Circuit Judge.

## ON MOTION

PER CURIAM.

### *ORDER*

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Rory O. Dawkins' appeal from the United States Court of Appeals for Veterans Claims' judgment in *Dawkins v. Mansfield,* 06–0988, 2007 WL 4104015, for lack of jurisdiction. Dawkins has not responded.

Dawkins sought review by the Court of Appeals for Veterans Claims of a Board of Veterans' Appeals decision that denied him entitlement to an evaluation in excess of ten percent for bilateral foot disability. The Court of Appeals for Veterans Claims affirmed the Board's decision, concluding that the Board provided sufficient reasons and bases for its determination Dawkins appeals to this court.

Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. *See Forshey v. Principi,* 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). This court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

In his informal brief, Dawkins argues that in making its determination, the Board failed to consider all the facts relevant to his disability, erroneously placed weight on a physician's medical evaluation of Dawkins, and did not adequately consider evidence regarding his level of pain due to his disability. Because Dawkins fails to raise an issue within our jurisdiction, we must dismiss this appeal.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motions are granted. The appeal is dismissed.

(2) Each side shall bear its own costs.